IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 19-18264 |
| Premier Design Cabinets & Tile Corp., | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | Judge David D. Cleary |
| MICHAEL K. DESMOND, not individually, | ) | |
| but as Chapter 7 Trustee for the Bankruptcy | ) | |
| Estate of Premier Design Cabinets | ) | |
| & Tile Corp., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| Sheri A. Sauer-Firnsin, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID PREFERENTIAL AND FRAUDULENT
TRANSFERS AND FOR OTHER RELIEF**

Michael K. Desmond, not individually but solely in his capacity as the Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Premier Design Cabinets & Tile Corp. (the "Estate"), by and through his counsel, complains against Sheri A. Sauer-Firnsin (the "Defendant") as follows:

**Jurisdiction**

1. On or about June 27, 2019 (the "Petition Date"), the Premier Design Cabinets & Tile Corp. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Code Bankruptcy Code (11 U.S.C. §101 *et seq.* (the "Bankruptcy Code")), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

2. On or about the Petition Date, Michael K. Desmond was appointed as the Trustee. The Trustee is duly qualified and has all the powers of a Trustee under 11 U.S.C. § 704, among other provisions.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

4. This adversary proceeding is a core proceeding within the meaning of, *inter alia*, 28 U.S.C. §§ 157 (b)(2) (A), (F) and (O).

5. Venue of the Bankruptcy Case and of this adversary proceeding is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409.

**Transfers to Insiders**

6. As of the Petition Date, Defendant is an individual residing in La Grange Park, Illinois.

7. The Debtor was an Illinois Corporation with offices located at 1018 E. 31st St. La Grange Park, IL 60526.

8. In the one-year period prior to the Petition Date, the Defendant served as the President of the Debtor and was the sole shareholder of the Debtor.

9. The Defendant is an insider as that term is defined under the Bankruptcy Code.

10. On or within the one-year immediately prior to the Petition Date (the "Insider Transfer Period"), the Debtor made one or more transfers of property to or for the benefit of the Defendant ("Insider Transfers").

11. At this time, the Trustee has knowledge that the Defendant received Insider Transfers in the aggregate amount of $39,460.47 as set forth below:

| | | |
|---|---|---|
| 10-24-18 | Transfer Debit | $2,200.00 |
| 10-24-18 | Transfer Debit | $6,000.00 |
| 12-05-18 | Preauthorized Debit | $5,360.47 |
| 01-04-19 | Check 2008 | $1,000.00 |
| 01-04-19 | Withdrawal | $7,000.00 |
| 02-04-19 | Check 2013 | $3,800.00 |
| 02-13-19 | Transfer Debit | $1,100.00 |
| 02-13-19 | Withdrawal | $3,000.00 |
| 02-21-19 | Check 2021 | $10,000.00 |
| | Total | $39,460.47 |

12. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to or for the benefit of the Defendant for the Insider Transfer Period, which shall qualify as Insider Transfers.

13. It is the Trustee's intention to avoid and recover all transfers made by the Debtor that meet the criteria set forth in 11 U.S.C. § 547(b).

14. On October 10, 2019, the Trustee demanded that the Defendant explain the Insider Transfers (the "Demand Date"). Attached hereto as Exhibit A. The Defendant responded on December 16, 2019 but failed to provide any backup documentation as to the Insider Transfers. Attached hereto as Exhibit B. The Defendant has not repaid any of the Insider Transfers.

**COUNT I**
**To Avoid Preferential Transfers Under 11 U.S.C. § 547(b)**

15. The Trustee restates and realleges the allegations in paragraphs 1 through 14 as though fully set forth herein.

16. The Debtor was insolvent at all times during the one-year period prior to the Petition Date.

17. Each Insider Transfer constituted a transfer of an interest in property of the Debtor or in which the Debtor had an interest.

3

18. Each Insider Transfer was made by the Debtor to or for the benefit of the Defendant.

19. The Defendant claims she was a creditor within the meaning of 11 U.S.C. § 101(10)(A) of the Debtor at the time each Insider Transfer was made.

20. At the time of each Insider Transfer, the Defendant claims she had a right to payment on account of an obligation owed to the Defendant by the Debtor.

21. The Debtor made each Insider Transfer to the Defendant on account of an alleged antecedent debt owed by the Debtor to the Defendant before such Insider Transfer was made.

22. Each insider Transfer enabled the Defendant to receive more than she would have received if (i) the Bankruptcy Case were a case under chapter 7 of the Bankruptcy Code, (ii) such Transfer had not been made during the Insider Transfer Period, and (iii) had the Defendant received payment of the subject debt to the extent provided by the provisions of the Bankruptcy Code.

23. Each Insider Transfer is avoidable as a preferential transfer pursuant to 11 U.S.C. § 547(b).

24. The Trustee has demanded that the Insider Transfers be returned. The Defendant has not repaid the Insider Transfers.

WHEREFORE, judgment is requested on Count I in favor of the Trustee and against Defendant Sheri A. Sauer-Firnsin:

A. avoiding these preferential transfers pursuant to 11 U.S.C. § 547(b);

B. awarding prejudgment interest;

C. awarding all costs and reasonable attorneys' fees associated with this action as may be allowed by law; and

D. granting such other relief as may be appropriate.

## COUNT II
### To Recover Avoided Transfers Under 11 U.S.C. § 548(a)(1)(B)

25. The Trustee restates and realleges the allegations in paragraphs 1 through 23 as though fully set forth herein.

26. The Debtor did not receive reasonably equivalent value in exchange for the Insider transfers.

27. The Insider Transfers were made for the benefit of the Defendant.

28. At the time of the Insider transfers the Debtor was either insolvent or became insolvent.

29. At the time of the Insider Transfers the Debtor was engaged in a business for which its remaining assets were unreasonably small in relation to the business.

30. The Insider Transfers constitute fraudulent transfers and are avoidable under 11 U.S.C. § 548(a)(1)(B).

WHEREFORE, judgment is requested on Count II in favor of the Trustee and against Defendant Sheri A. Sauer-Firnsin:

A. avoiding these fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B);

B. awarding prejudgment interest;

C. awarding all costs and reasonable attorneys' fees associated with this action as may be allowed by law; and

D. granting such other relief as may be appropriate.

## COUNT III
### To Recover Avoided Transfers Under 11 U.S.C. § 550

31. The Trustee restates and realleges the allegations in paragraphs 1 through 29 as though fully set forth herein.

32. The Defendant was the initial transferee of each Insider Transfer, or the immediate or mediate transferee of such initial transferee or the person for whose benefit such Insider Transfer was made.

33. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from the Defendant the value of each Insider Transfer avoided pursuant to Counts I and II of the Complaint.

WHEREFORE, judgment is requested on Count III in favor of the Trustee and against Defendant Sheri A. Sauer-Firnsin:

A. Entering judgment in the Trustee's favor and against the Defendant on Counts I and II in the aggregate amount of all avoidable Insider Transfers;

B. Order Defendant to provide the Trustee with an accounting of amounts the Defendant received from the Debtor within the two-year period prior to the Petition Date;

C. awarding prejudgment interest;

D. awarding all costs and reasonable attorneys' fees associated with this action as may be allowed by law; and

E. granting such other relief as may be appropriate.

Dated:  June 24, 2021  Respectfully submitted,

**Michael K. Desmond, not individually but solely in his capacity as the Chapter 7 Trustee of the Bankruptcy Estate of** Premier Design Cabinets & Tile Corp.


By: _____/s/ Michael K. Desmond_____
               One of His Attorneys

Michael K. Desmond (#6208809)
Justin M. Herzog (#6324047)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street
Suite 3600
Chicago, IL 60603
(312) 251-4600